UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROGER JEROME JACKSON,

    Plaintiff,

v.

MARSHA MCMILLEN and
BARBARA J. HARRINGTON,

    Defendants.

Case No. 19-cv-2880 (NEB/ECW)

**REPORT AND RECOMMENDATION**

---

This matter comes before the Court on Plaintiff Roger Jerome Jackson's (1) Complaint (Dkt. 1), and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) ("IFP Application"). For the following reasons, the Court recommends dismissing the Complaint without prejudice and denying the IFP Application.

Jackson is presently subject to involuntary civil commitment proceedings in Minnesota state court. (*See, e.g.*, Dkt. 1 at 4-5; *see also* Register of Actions, *In re Civil Commitment of Jackson*, No. 11-PR-18-1179 (*Jackson* Docket), *available at* http://pa.courts.state.mn.us/default.aspx (last accessed Nov. 14, 2019).[1]) The Complaint is not

---

[1] Because the Complaint is not consecutively paginated, references to it use the page numbers provided by the Court's CM/ECF filing system. Furthermore, the Register of Actions cited here is not attached to any filings. It is publicly accessible, however, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellino v. Grinde*, No. 18-cv-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

entirely clear, but Jackson apparently seeks this Court's help in stopping those proceedings. (*See, e.g.*, Dkt. 1 at 4-5.) Jackson did not pay this action's filing fee; instead, he applied to proceed in forma pauperis ("IFP"). (*See* Dkt. 2.) The IFP Application is now before the Court, and the Court must address it before taking any other action in this matter.

After reviewing the IFP Application, the Court concludes that Jackson qualifies financially for IFP status. But the Court nevertheless concludes that it must recommend denying the IFP Application, because the Court must recommend dismissing this action under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

"The *Younger* abstention doctrine provides that courts should not exercise federal jurisdiction where '(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.'" *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (quoting *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)); *see also, e.g.*, *Colvin v. Plymouth Police Dep't*, No. 19-CV-0883 (DSD/BRT), 2019 WL 4933661, at *1 (D. Minn. Oct. 7, 2019) (quoting same part of *Plouffe*). Jackson's specific claims for relief are unclear, but it is plain that he is involuntarily civilly committed pursuant to a state court proceeding, and that he believes that this commitment should be stopped.

Claims like this this fall within *Younger*'s scope. *See, e.g.*, *Dorliae v. Minnesota*, No. 18-CV-2162 (JRT/LIB), 2018 WL 4691591, at *1 (D. Minn. Sept. 7, 2018) (recommending dismissal of case attacking validity of state court civil involuntary

2

commitment proceedings) (citing cases), *R&R adopted*, 2018 WL 4688359 (D. Minn. Sept. 28, 2018); *Cota v. Magnus*, No. 16-CV-1823 (ADM/JSM), 2016 WL 4650573, at *3 (D. Minn. Aug. 17, 2016) (same), *R&R adopted*, 2016 WL 4639142 (D. Minn. Sept. 6, 2016). All three *Younger* elements are met here. First, there is an "ongoing state proceeding" here—the state civil commitment proceeding. (*See generally* Jackson Docket.) Second, that proceeding implicates important state interests. *See, e.g.*, *Dorliae*, 2018 WL 4691591, at *1 ("'[T]his ongoing civil commitment proceeding implicates the State of Minnesota's important interests in detaining and apportioning medical care' to citizens believed to be a danger to themselves or others.") (quoting *Cota*, 2016 WL 4650573, at *3). Finally, to the extent Jackson's objections to that proceeding arise from federal law, there is no reason he cannot raise those objections in that proceeding. *See, e.g.*, *id.* at *1 (noting individuals' ability to raise federal constitutional issues in Minnesota civil commitment proceedings).

The Court thus concludes it should abstain from addressing this matter and therefore recommends dismissing this action without prejudice. *See id.* at *2 (quoting *Central Avenue News, Inc. v. City of Minot*, 651 F.2d 565, 571 (8th Cir. 1981), for proposition that "better practice," when abstaining under *Younger*, is to dismiss without prejudice). Furthermore, because this action cannot go forward, the Court recommends denying the IFP Application.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2. Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) be **DENIED**.


Dated: November 25, 2019         *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).